**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00313-MR**

| | |
|---|---|
| JONATHAN DANIEL SHEPPARD, ) ) Plaintiff, ) ) vs. ) ) EDDIE CATHEY, et al., ) ) Defendants. ) _____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28 U.S.C. §§ 1915A and 1915(e), [Doc. 1], and Plaintiff's "Motion to Amend § 1983 Petition," [Doc. 8]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

## I. BACKGROUND

Pro se Plaintiff Jonathan Daniel Sheppard ("Plaintiff") alleges that he is a convicted and sentenced prisoner of the State of North Carolina incarcerated at Union County Jail.[1] [Doc. 1 at 4]. He filed this action on June 30, 2021, against Defendants Eddie Cathey, identified as the Sheriff of Union County; Dan Rogers, identified as a Captain at Union County Jail (the "Jail");

---

[1] The North Carolina Department of Public Safety Inmate Locator website shows that Plaintiff is post-release status and currently on parole.

Megan Kimball, identified as a Sergeant with the Union County Sheriff's Office ("Sheriff's Office"); and Jonathan Perry, identified as a former prosecutor with the Union County District Attorney's Office.  [Id. at 2-3]. Plaintiff sues Defendants in their individual and official capacities.  [Id.].

Plaintiff alleges the following.  Plaintiff owned a roofing company called Your Choice Roofing, which was registered in Union County, North Carolina.  In the beginning of 2016, Plaintiff moved to Lancaster, South Carolina.  In June 2016, after an investigation by the Union County Sheriff's Office, Defendant Cathey ordered Defendant Kimball to seek a warrant for Plaintiff's arrest for obtaining property by false pretenses.  [Doc. 1 at 12].  Defendant Kimball presented the evidence to two different Union County Magistrates.  Both said the case against Plaintiff was civil, not criminal.  Defendant Cathey then ordered Defendant Kimball to see Defendant Perry to make the case against Plaintiff criminal.  Defendant Perry then misrepresented the facts of the case to get an indictment against Plaintiff from the Union County grand jury.  Defendant Kimball arrested Plaintiff outside of her territorial jurisdiction in Lancaster, South Carolina, on July 8, 2016.  Plaintiff was held in the jail in Lancaster until July 27, 2016, when Plaintiff was transported to the Union County Jail by Union County Sheriff's Deputy Purser.  Plaintiff never signed a waiver of extradition.  Deputy Purser submitted a false return of process.

On September 23, 2016, on the advice of counsel, Plaintiff pleaded guilty to three felony counts of obtaining property by false pretenses. Plaintiff was on probation for almost four years without incident and had paid $3,850.00 in restitution when Plaintiff was arrested on January 24, 2020 for a probation violation. Plaintiff filed several Motions for Appropriate Relief (MARs), but then withdrew them in exchange for a concurrent, time-served sentence of six to seventeen months' imprisonment with "no parole or probation." At the time, Plaintiff had served 11 months in jail. On October 20, 2020, Plaintiff was released from jail "on 9 month post-release supervision." Plaintiff attempted unsuccessfully to have this "error" corrected. On December 9, 2020, Plaintiff's probation was revoked, and, on January 29, 2021, Plaintiff was sent to prison. He was released on May 24, 2021. [Id. at 12-14].

Plaintiff attaches copies of two Amended Motions for Appropriate Relief (MARs) that appeared to have been filed on February 26, 2021 and May 21, 2021, respectively, in his state criminal proceedings in Union County Superior Court. [Id. at 15-32]. Plaintiff alleges that his MAR remains pending. [Doc. 1 at 7].

Plaintiff claims that his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments were violated, although he does not allege facts asserting how each right was violated. [See Doc. 1 at 3]. For

injuries, Plaintiff alleges that he has lost his children, his home, his property, his business, his reputation, and his dignity due to Defendants' conduct. [Id at 14]. Plaintiff also claims he was exposed to Covid-19 while he was incarcerated and suffered various other physical maladies due to his incarceration. [Id.]. Plaintiff seeks monetary relief. He also asks that this case be referred to the U.S. Attorney's Office for investigation of Defendants for criminal conspiracy. [Id. at 5].

On August 16, 2021, Plaintiff moved "to amend the list of defendants" in this case to add Defendants Union County Sheriff's Office, Union County Jail, and Union County District Attorney's Office. [Doc. 8].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from

a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

Plaintiff's Complaint fails initial review for several reasons.

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

First, Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §

> 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

<u>Id.</u> at 486-87 (footnotes omitted; emphasis added). Here, given the nature of the allegations in the Complaint, a judgment in Plaintiff's favor would necessarily imply the invalidity of the convictions and/or sentences in Plaintiff's underlying criminal matters. While Plaintiff alleges that his MAR remains pending, to date his convictions and sentence, including those regarding his probation violations, have not been reversed or otherwise invalidated. Therefore, Plaintiff's Complaint is barred by <u>Heck</u>.

Second, it appears that Plaintiff's claims related to the investigation and prosecution in 2016 are barred by the statute of limitations. Any claim

6

Case 3:21-cv-00313-MR   Document 9   Filed 09/07/21   Page 6 of 9

Plaintiff may have had under § 1983 or otherwise related to these events has long since expired. See Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (affirming dismissal of § 1983 action on initial review for failure to file complaint within the applicable limitations period). Plaintiff's filing of his current MAR after the statute of limitations had run did not serve to revive an expired claim. Plaintiff's failure to timely file the Complaint relative to claims allegedly arising in 2016 is plainly evident and the Plaintiff, therefore, has failed to state a claim as a matter of law.

Third, to the extent Plaintiff purports to assert claims for conduct relative to the terms of his sentence on his first probation violation in 2020, he has failed. Plaintiff alleges that Defendant Perry was responsible for the "error" in Plaintiff being subject to nine months' supervised probation after Plaintiff's release from confinement on October 20, 2020. Defendant Perry, however, is immune from suit under the doctrine of prosecutorial immunity. Imbler, 424 U.S. at 419. As such, Plaintiff's action against him would be dismissed even if not barred by Heck. Moreover, Plaintiff's allegations are too vague to state a claim for relief in any event.

The Court, therefore, concludes that Plaintiff's Complaint is barred by Heck and by the statute of limitations. Any remaining claim not barred by the statute of limitations, which would be against Defendant Perry only, is

7

Case 3:21-cv-00313-MR   Document 9   Filed 09/07/21   Page 7 of 9

barred by prosecutorial immunity. The Court, therefore, will dismiss Plaintiff's Complaint with prejudice because amendment would be futile.

The Court will deny Plaintiff's motion to add Defendants Union County Sheriff's Office, Union County Jail, and Union County District Attorney's Office as moot. The Court also notes that Plaintiff's motion is improper in any event. Plaintiff failed to file a proposed amended complaint, but rather only listed additional Defendants he seeks to add in this matter with no factual allegations against them. [See Doc. 8 at 1-2]. Regardless, these Defendants are not proper defendants in a § 1983 action, in any event, as these Defendants are not "persons" subject to suit under § 1983 on the facts alleged here. See Brooks v. Pembroke Cty. Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989); see also Connick v. Thompson, 563 U.S. 51, 63-64 (2011) (finding no § 1983 liability for defendant district attorney's office where plaintiff did not allege failure to train leading to the subject Brady violation).

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action with prejudice because it is barred by Heck, the statute of limitations, and prosecutorial immunity and will deny Plaintiff's motion to add additional Defendants, all in accordance with the terms of this Order.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that this action [Doc. 1] is **DISMISSED** with prejudice on initial review under 28 U.S.C. §§ 1915A and 1915(e) for the reasons stated in this Order.

**IT IS FURTHER ORDERED** that Plaintiff's motion [Doc. 8] is **DENIED**.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: September 6, 2021

Martin Reidinger
Chief United States District Judge